No. 15-1413

United States Court of Appeals
for the Federal Circuit
_____

THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY,
*Appellant*,

v.

ARIOSA DIAGNOSTICS, INC.,
*Appellee*.
_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board, Case No. IPR2013-00308.

**APPELLANT'S OPPOSITION TO APPEELEE'S
MOTION FOR EXTENSION OF TIME**

R. Danny Huntington
Seth E. Cockrum, Ph.D.
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, N.W., Suite 800
Washington, DC 20005
Phone: 202-783-6040

*Attorneys for Appellant*
*The Board of Trustees for the Leland*
*Stanford Junior University*

June 4, 2015

Appellant the Board of Trustees of the Leland Stanford Junior University ("Stanford") respectfully opposes the motion of Appellee Ariosa Diagnostics, Inc. ("Ariosa") for a 60-day extension of time because Ariosa's requested extension is unreasonable and unsupported by good cause.

The exclusive licensee of the patent at issue in this appeal is a competitor of Ariosa, and parallel district court litigation involving these direct competitors – which has been pending since late 2012 – is currently stayed pending appeal. It is therefore important that this appeal be resolved timely and judiciously. Unwarranted delay is prejudicial to Stanford and its exclusive licensee. Nevertheless, in the interest of compromise and in an effort to accommodate the vacation plans of Ariosa's counsel, Stanford offered a 30-day extension. But Ariosa refused Stanford's accommodation.

Ariosa contends that it requires a 60-day extension for three reasons. First, Ariosa's counsel alleges that it needs 60 days because it was not retained as counsel until just a few days ago. Second, Ariosa's counsel alleges that it needs substantial extra time because it is unfamiliar with the record. Third, Ariosa's counsel asserts that it has vacation plans that cannot be accommodated by anything less than a 60-day extension. None of these reasons establish good cause for a 60-day extension.

1

Ariosa's failure to retain counsel until just a few days ago (but over three weeks after receiving Stanford's opening brief) does not justify a 60-day extension, and Ariosa cites no authority suggesting that it does. This appeal has been pending since March 2015. Further, the patent at issue in this appeal is the subject of parallel district court litigation that has been pending since late 2012. Importantly, Ariosa has been represented by Irell & Manella from the outset in that litigation. Thus, Ariosa's suggestion that it requires a 60-day extension because it failed to retain Irell for the specific purposes of this appeal until a few days ago is difficult to understand.

Ariosa attempts to justify its lack of diligence in retaining counsel as being due to the reassignment of in-house attorneys after Ariosa was acquired by Roche. Mtn. at 1. The facts surrounding this acquisition, however, simply confirm that there is no basis for granting Ariosa's extension request. Roche's acquisition of Ariosa was negotiated beginning in April 2014, was finalized in December 2014, and officially closed January 12, 2015. All of these events occurred before the notice of appeal was even filed with the Patent and Trademark Office ("PTO") on January 16, 2015. *See* Cockrum Decl., Ex. 3 at 7. Due to a delay at the PTO, the appeal was not even docketed until March 4, 2015. Stanford's brief was filed on May 4, 2015. Thus, Ariosa's acquisition by Roche in the December - January

timeframe, and the departure of in-house counsel in April, cannot justify Ariosa's failure to retain counsel for this appeal.

Moreover, Roche is a company with market capitalization of roughly 250 billion dollars, and is no stranger to patent litigation. When Roche's acquisition of Ariosa effectively completed seven months ago in December 2014, a high-ranking Roche executive stated publicly that Roche would continue to defend Ariosa in Court and that Roche acquired Ariosa with its "eyes wide open" as to Ariosa's pending litigation. Cockrum Decl., Ex. 4 at 3. If, as Roche stated, it had its "eyes wide open," then there is no excuse for it to have failed to retain counsel until just a few days ago.[1] Indeed, if Roche – a company with massive resources that is well familiar with patent litigation and the procedures of this Court – had acted with reasonable diligence then there would have been no need for any extension, much less an unreasonable 60-day extension.

---

[1]     Ariosa's contention that a 60-day extension is required because Roche in-house attorneys now oversee this case is at odds with assertions that Roche is making in connection with a district court case recently filed against Roche and Ariosa in the Northern District of California. There, Roche has aggressively asserted – to the point of threatening Rule 11 sanctions – that it cannot be held liable for the actions of Ariosa, allegedly because it faithfully observes the corporate distinction between Ariosa and Roche. *See generally* Cockrum Decl., Ex. 5. To the extent this is true, Ariosa has no basis to suggest that the Roche acquisition justifies its failure to diligently retain counsel.

Ariosa suggests that Stanford will not be prejudiced by a 60-day delay in the briefing schedule. Mtn. at 4. This is not so. As discussed above, Stanford and its exclusive licensee have asserted the '076 patent at issue in this appeal in district court litigation that has been pending since 2012. That litigation is currently stayed at Ariosa's request pending the outcome of this appeal. Every day that the appeal schedule is delayed is thus prejudicial to Stanford and its exclusive licensee. Ariosa attempts to deflect this prejudice by stating Stanford has taken no steps to self-expedite this appeal. Mtn. at 4. But not only is that not correct, it misses the point.[2] Stanford has proceeded on the schedule set by this Court and has done nothing to delay that schedule. Stanford should not now be punished for its adherence to this Court's briefing schedule because Ariosa delayed choosing new lead counsel for this appeal until nearly halfway through its time for response.

Ariosa's contention that its attorneys are unfamiliar with the record is not credible and also does not justify a 60-day delay. Ariosa's lead counsel in this appeal, Mr. David Gindler, acknowledges that "[i]t is certainly true that we are familiar with the '076 issues…" Gindler Decl., Ex. 1. Indeed, Irell attorneys have been litigating the '076 patent for over two years. They have deposed both inventors on the '076 patent, have argued claim construction for the '076 patent,

---

[2]    Stanford did self-expedite the appeal by filing its Notice of Appeal in the PTO prior to the due date.

4

and have prepared invalidity contentions for the '076 patent that rely on much of the same prior art that is at issue in this appeal.

Nevertheless, Ariosa's counsel attempt to minimize their knowledge of the issues by suggesting that they are unfamiliar with the '076 from the perspective of the *Inter Partes* Review ("IPR") underlying this appeal. But attorneys from Irell were present at key events in the IPR proceedings that led to this appeal, where Ariosa was represented by Oblon Spivak. *See* Cockrum Decl., Ex. 1 at 3 (noting the presence of Irell attorney Amir Naini); Cockrum Decl., Ex. 2 at 4 (same). Ariosa's counsel also neglects to mention that lead counsel in the IPR, Mr. Greg Gardella, remains counsel of record in this appeal. Accordingly, any suggestion that there should be a 60-day extension because its attorneys are unfamiliar with the issues is without merit.[3]

Finally, Ariosa insists upon on a 60-day extension allegedly to accommodate various vacations.[4] Gindler Decl., Ex. 1. Ariosa's request for a two-

---

[3] Ariosa also contends that a 60-day extension is necessary so that it can review the "extensive" IPR record. Mtn. at 2. However, a significant portion of that record is irrelevant because it concerns an issue that is not on appeal to this Court.

[4] Ariosa's counsel also asserts a 30-day extension is not helpful because of other matters pending during that time. Mtn. at 3. But the failure of Ariosa's counsel to take other matters into account prior to taking over this appeal is not attributable to Stanford. Moreover, any prejudice to Ariosa's counsel due to other

5

month delay to compensate for brief summer vacations suggests that Ariosa's extension is a request motivated by a tactical desire for delay.

In fact, this is not the first time Ariosa has relied on travel plans to impose undue delay. In parallel district court litigation, counsel for Ariosa, David Gindler, successfully delayed a case management conference sought by counsel for Stanford based on his travel plans. Cockrum Decl., Ex. 6 at 66:4-5 ("MR. GINDLER: I'm actually out of town. I'm in the East Coast from January 6 through January 18th."). When the case management conference was ultimately held much later than originally requested, Mr. Gindler did not even appear. Rather, two different Irell attorneys appeared in his place. There was thus no basis for Mr. Gindler to request delay due to his travel obligations.

The same is true here. Although Ariosa's motion attempts to deflect this, *see* Mtn. at 4 n.1, Ariosa misses the point. Ariosa and its attorneys at Irell have more than adequate resources to compensate for short vacations and prosecute this appeal on schedule.

Ariosa's motion for a 60-day extension is unreasonable and unsupported by good cause. It should be denied.

Dated: June 4, 2015                    Respectfully submitted,

---

professional commitments is offset by the similar prejudice to Stanford's counsel that will occur if Ariosa's 60-day extension is granted.

                */s/ R. Danny Huntington*
                R. Danny Huntington
                Rothwell, Figg, Ernst & Manbeck, P.C.
                607 14th Street, N.W., Suite 800
                Washington, DC 20005
                Telephone: (202) 783-6040
                Facsimile: (202) 783-6031
                E-mail: dhuntington@rfem.com