Case No. 15-1413

# United States Court of Appeals for the Federal Circuit

**THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY**,

*Appellant,*

**v.**

**ARIOSA DIAGNOSTICS, INC.**

*Appellee.*

ON APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD, CASE NO. IPR2013-00308

**APPELLEE ARIOSA DIAGNOSTICS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME**

# **CERTIFICATE OF INTEREST**

Counsel for Appellee Ariosa Diagnostics, Inc. certifies as follows:

1. The full name of every party or amicus represented by us is:

   Ariosa Diagnostics, Inc.

2. The name of the real party in interest represented by us is:

   Ariosa Diagnostics, Inc.

3. All parent corporations and any public companies that own 10 percent or more of the stock of the parties represented by us are:

   Ariosa Diagnostics, Inc. is a wholly-owned subsidiary of Roche Molecular Systems, Inc., which is a wholly-owned subsidiary of Roche Holdings, Inc. and an indirect subsidiary of Roche Holding Ltd. Novartis AG, a publicly held company, owns more than 10% of the voting shares of Roche Holding Ltd. Novartis AG has no representation on Roche Holding Ltd.'s board of directors and does not in any way control Roche Holding Ltd. or any of its subsidiaries.

4. The names of all law firms and the partners or associates that appeared for the party now represented by us in the trial court or agency or are expected to appear in this Court are:

   | IRELL & MANELLA LLP | OBLON, MCCLELLAND, MAIER & |
   |---|---|
   | David I. Gindler | NEUSTADT LLP |
   | Andrei Iancu | Greg H. Gardella |
   | Sandra L. Haberny | Kevin B. Laurence |
   | | Scott A. McKeown |

Dated:  June 8, 2015                 /s/ *David I. Gindler*

Ariosa respectfully requests a 60-day extension for its counsel of choice to review the underlying record and prepare Ariosa's responsive brief. This extension will not prejudice Stanford, which took far more time to file its opening brief than Ariosa will have even after the requested 60-day extension.

Stanford has agreed to extend the deadline for Ariosa's responsive brief by 30 days to July 18, 2015; however, given Ariosa's attorneys' unavailability for much of the month of July—lead counsel David Gindler is on vacation out of the country from June 29 until the evening of July 18—such an extension would be insufficient. Stanford has not articulated any reasoned basis for limiting its proposed extension on Ariosa's responsive brief almost entirely to a period in which Ariosa's attorneys are unable to use it. The only arguments that Stanford raises in its opposition are either irrelevant or factually inaccurate.

First, Stanford argues that Ariosa has not shown good cause because it purportedly was not diligent in retaining counsel to represent it in this appeal following its acquisition by Roche. Opp. at 2. But Stanford's only support for this argument is a series of events and statements made during negotiations *preceding* the acquisition. *Id*. at 2-3. None of this is relevant to the post-acquisition departure of Ariosa's in-house counsel or its subsequent reallocation of the responsibilities for this appeal. Moreover, Stanford's allegation that Ariosa's legal department could or should have begun shifting legal responsibilities before the completion of

its acquisition or the departure of its in-house counsel is nonsensical. As Ariosa explained in its motion, it retained Irell for this appeal within a month of its legal department's transition, which is more than diligent in view of the concurrent IPR proceedings, other appeals before this Court, and ongoing worldwide patent prosecution for which responsibilities also had to be reassigned. In any event, the fact remains that Ariosa now has new counsel for this appeal. Ariosa's new counsel needs a reasonable extension in order to review the record fully and prepare Ariosa's responsive brief.[1]

Second, Stanford argues that it will be prejudiced by Ariosa's requested extension because the district court litigation involving the '076 patent has been stayed pending the outcome of this appeal. Opp. at 4. But the district court's order granting a stay of the litigation did not depend on this appeal alone, as Stanford suggests. To the contrary, there are at least four additional matters affecting the stay of the consolidated district court cases, all of which must be resolved before the stay will be lifted. Given the other matters affecting the stay of the District Court litigation, a 60-day extension here is virtually certain not to impact the

---

[1] Stanford also contends that Ariosa's reassignment of legal responsibilities to attorneys at Roche somehow conflicts with the observation of a corporate distinction between the two entities. *See* Opp. at 3, fn. 1. This argument is unfounded. Ariosa is a wholly owned subsidiary of Roche, and there is no authority for Stanford's argument that Ariosa's allocation of certain functions to its parent company somehow disrupts, or conflicts with, the corporate distinction between the two entities.

duration of that stay. There is simply no prejudice to Stanford from an extension.[2]

Stanford's current plea of urgency is further belied by the fact that Stanford itself has prolonged the resolution of this appeal by several months. Stanford received the PTAB's final written decision on November 19, 2014. At that point it had the right to proceed with an appeal. Yet Stanford waited 58 days to file its notice of appeal on January 16, 2015.[3] Then, Stanford waited another four months—the vast majority of which was after the district court litigation had already been stayed on February 2, 2015—until the last permissible day to file its opening brief on May 4, 2015. All in, Stanford took approximately six months from the date of the PTAB's final written decision to file its opening brief.

Third, Stanford claims that the Irell attorneys representing Ariosa in this appeal are familiar with the record because Irell attorneys were handling the '076 patent-related district court litigation before it was stayed, and because a former Irell attorney was present at two depositions in the underlying IPR proceeding. In

---

[2] The district court consolidated case Nos. 11-cv-05501 and 14-cv-01921 on May 8, 2014. On February 2, 2015, the district court stayed all litigation in the consolidated cases until the resolution of the three appeals involving the parties that are pending before this Court—Case No. 14-1815, consolidated Case Nos. 15-1215 and 15-1226, and the instant appeal—as well as pending IPR2014-01093.

[3] Stanford's argument that it "did self-expedite the appeal by filing its Notice of Appeal in the PTO prior to the due date" is misleading. Opp. at 4. Pursuant to 35 U.S.C. § 141 and 37 C.F.R. § 90.3(a), Stanford had 63 days to file its notice of appeal from the date of the PTAB's final written decision. Stanford filed its notice 58 days after the decision (only five days early), which is neither material nor an act to "self-expedite" as Stanford now argues. *See id.*

view of the estoppel effects of 35 U.S.C. § 315(e)(2), however, Ariosa's counsel in the district court proceeding had only limited involvement in the prior art-based invalidity challenges at issue in the underlying IPR proceedings. And the one Irell attorney who had that involvement, Amir Naini, whom Stanford notes in its opposition was present at two depositions in the IPR, left Irell more than a year ago on April 4, 2014, to join a different firm, and he no longer represents Ariosa. Supplemental Declaration of David I. Gindler ("Gindler Suppl. Decl.") at ¶ 2. No current Irell attorneys, including the three Irell attorneys handling this appeal, were substantively involved in the IPR proceeding underlying this appeal. Gindler Suppl. Decl. at ¶ 3.

Finally, Stanford argues that the Court should reject Ariosa's request to the extent it seeks to accommodate the Irell attorneys' pre-planned vacations with their families, because the vacations purportedly are "brief" and because principal counsel Mr. Gindler purportedly "delayed a case management conference sought by counsel for Stanford" in a related district court proceeding due to his travels. Opp. at 5-6. These allegations are factually inaccurate and unwarranted.

Mr. Gindler, Ariosa's principal counsel in this appeal, will be out of the country on vacation from June 29 through July 18. When combined with the unavailability of the other Irell attorneys working on this appeal, the Irell attorneys responsible for this appeal will be unavailable for a collective period covering most

4

of the month of July. An extension that fails to take this unavailability into account, or that imposes a deadline falling within this period of unavailability (such as the 30-day extension to which Stanford has agreed), would create unnecessary burdens that are hardly justified merely by the fact that the schedule will be extended by an additional 30 days.[4]

Moreover, Stanford's allegation regarding Mr. Gindler's conduct with respect to a case management conference ("CMC") is inaccurate and unwarranted. *See* Opp. at 6. As the hearing transcript shows, the CMC at issue was requested impromptu by Stanford's attorney (not the district court) at the end of an oral argument. Although Mr. Gindler stated his availability, it was the district court, not Mr. Gindler, who proposed the date on which the CMC was ultimately scheduled. *See* Cockrum Decl., Ex. 6 at 65:14-66:8. There was no scheduled CMC that was "successfully delayed" on account of Mr. Gindler's schedule, as Stanford now claims. *Id.* The only reason that Mr. Gindler did not ultimately attend was that his

---

[4] Stanford also notes that "[t]he exclusive licensee of the patent at issue in this appeal is a competitor of Ariosa" as a basis for limiting Ariosa to an extension of 30 days, instead of the requested 60 days. Opp. at 1. The district court previously rejected reliance on this competition argument as a basis for denying the motion to stay. That reasoning is equally applicable here. Gindler Suppl. Decl., Exhibit 2 at p. 8 (internal citations omitted) ("Verinata has shifted from a strategy of market share maximization, to a strategy which prioritizes licensing its product to certified laboratories and healthcare providers. While a past willingness to license an allegedly infringed patent is 'not sufficient per se to establish a lack of' undue prejudice, '[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.'").

colleague Andrei Iancu, was already in the Bay Area on the date of the CMC. Gindler Suppl. Decl. at ¶ 4. In any event, Stanford fails to explain what difference it would have made to the present motion if Mr. Gindler had attended that CMC instead of his colleague. As Ariosa explained in its motion, none of this has any relevance here, given that there is no dispute that Mr. Gindler will serve as principal counsel in this appeal. *See* Motion at p. 4, fn. 1.[5]

Ariosa respectfully requests that the Court grant its motion for a 60-day extension to file its responsive brief in this appeal.

Dated:  June 8, 2015

Respectfully submitted,

   */s/ David I. Gindler*
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Tel. (310) 277-1010
DGindler@irell.com

*Attorneys for Defendant-Appellee
ARIOSA DIAGNOSTICS, INC.*

---

[5] Moreover, Stanford's attorneys have themselves requested extensions of deadlines to accommodate their vacations in the district court litigation. *See* Gindler Suppl. Decl., Exhibit 3 (email from Stanford attorney to counsel for Ariosa requesting to double Stanford's response time to accommodate Stanford's attorneys' vacations). Unlike Stanford, Ariosa has agreed to Stanford's requests in the spirit of professional courtesy and to avoid burdening the court. *See* Gindler Suppl. Decl., Exhibit 4 (stipulated motion to district court agreeing to double the response time to accommodate Stanford's attorneys' vacations).

# **CERTIFICATE OF SERVICE**

I, David Gindler, certify that on June 8, 2015, a copy of **APPELLEE ARIOSA DIAGNOSTICS INC.'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME** was served upon the following in the manner indicated:

## **VIA ECF**

| | |
|---|---|
| Robert Danny Huntington | Seth Cockrum |
| dhuntington@rfem.com | scockrum@rfem.com |
| ROTHWELL FIGG ERNST & MANBECK, PC | ROTHWELL FIGG ERNST & MANBECK, PC |
| 607 14th St., NW, Suite 800 | 607 14th St., NW, Suite 800 |
| Washington, D.C., 20005 | Washington, D.C., 20005 |
| Telephone: (202) 783-6040 | Telephone: (202) 783-6040 |
| Fax: (202) 783-6031 | Fax: (202) 783-6031 |

Dated:  June 8, 2015              */s/ David I. Gindler*
                                            David I. Gindler